UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTHA BIGGS, | § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:10-cv-1847-M |
| CAJUN OPERATING COMPANY, d/b/a Church's Chicken, | § § § | |
| Defendant. | § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Bertha Biggs's Motion to Remand [Docket Entry #4]. For the reasons stated below, the Motion is **DENIED**.

### Background

This case arises out of an incident of food poisoning allegedly suffered by Plaintiff Bertha Biggs. On May 19, 2010, Plaintiff commenced this suit in state court against Cajun Operating Company ("Cajun") and Reciprocity Restaurant Group, LLC ("Reciprocity"). In her Original Petition, Plaintiff alleges she contracted severe food poisoning after eating dinner at a restaurant owned by Cajun, and that as a result, she spent six days in intensive care with a diagnosis of salmonella poisoning, suffering from nausea, vomiting, cramping, and diarrhea. In her Petition, Plaintiff asserted claims for negligence, negligence per se, strict liability, breach of warranty, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), seeking actual damages, treble damages under the DTPA, and attorneys' fees. Pursuant to Texas law, the Petition does not state the amount of damages sought, instead stating only that Plaintiff seeks "a sum of money well in excess of the minimal jurisdictional limits of [the state court]." (Pl.'s

Original Pet. 5.)

Cajun is a citizen of Georgia,[1] and both Plaintiff and Reciprocity are citizens of Texas. Thus, there was not complete diversity between the parties when this suit was originally filed. However, on July 27, 2010, Plaintiff filed a Notice of Non-Suit of Reciprocity, dismissing it from the case.[2] More than six weeks later, on September 13, 2010, Cajun received Plaintiff's Responses to Defendant's Requests for Disclosure, which contained an assertion that Plaintiff had incurred $172,091.16 in expenses for medical treatment related to food poisoning. Two days later, on September 15, 2010, Cajun filed a Notice of Removal in this Court. Plaintiff now seeks to remand on the sole basis that Plaintiff's removal was untimely under 28 U.S.C. § 1446(b).

## Discussion

A defendant may remove to federal court a civil action filed in state court if the district court has original jurisdiction. 28 U.S.C. § 1441(b) (2006). Congress has given federal district courts subject matter jurisdiction over civil matters where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. 28 U.S.C. § 1332(a) (2006). Removal jurisdiction is strictly construed because it implicates important federalism concerns. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). In considering a motion to remand, a court is to resolve disputed issues of material fact in the plaintiff's favor, and any doubts are to be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw.*

---

[1] Cajun has alleged that it is a citizen of Georgia. In her Motion, Plaintiff states that she does not admit or concede that Cajun maintains an exclusive principal place of business outside the State of Texas, but agrees to assume as much for purposes of this Motion. Thus, for purposes of this Opinion, the Court assumes, without deciding, that Cajun is a citizen of Georgia.

[2] Texas Rule of Civil Procedure 162 provides, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . ." Under Texas law, "[t]he filing of a nonsuit 'extinguishes a case or controversy from the moment the motion [to nonsuit] is filed.'" *Strickert v. THI of Tex. at Richardson, L.L.C.*, No. 3:08-cv-412-L, 2008 WL 4107547, at *3 (quoting *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel.*, 195 S.W.3d 98, 100 (Tex. 2006).

*Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

The time periods during which removal is permitted are set forth in 28 U.S.C. § 1446(b), which states in relevant part,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (2006). It is undisputed that this case was not removable as initially filed; therefore, only the second paragraph of § 1446(b) applies here.

Plaintiff argues that Cajun's notice of removal was untimely because it was not filed within thirty days after the Notice of Non-Suit was filed as to the only non-diverse defendant. Cajun responds that it did not have sufficient information to determine the amount in controversy until after it received Plaintiff's discovery responses, and that, therefore, the notice of removal was timely because it was filed within thirty days of Cajun's receipt of those responses. Plaintiff does not contest that the amount in controversy exceeds $75,000, or that her discovery responses qualify as "other paper" under § 1446(b). Furthermore, Cajun does not dispute that a notice of non-suit as to the only non-diverse defendant can, in some cases, constitute "other paper" that triggers the thirty-day time period under the second paragraph of § 1446(b).[3] Thus, the only question before the Court is whether Plaintiff's Notice of Non-Suit is paper from which Cajun could "first ascertain" that the amount in controversy exceeds $75,000.

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit interpreted the word *ascertain* to require

---

[3] *See Strickert*, 2008 WL 4107547, at *2–4.

that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." 288 F.3d 208, 211 (5th Cir. 2002). The only "information" provided in Plaintiff's Notice of Non-Suit is that all claims against Reciprocity, the only non-diverse defendant, were dismissed. Thus, in order for Cajun to have "first ascertained" from the Notice of Non-Suit satisfaction of the amount-in-controversy requirement, it must be unequivocally clear and certain from Plaintiff's Petition that the damages sought exceed $75,000.

Although *Bosky* does not explicitly require that "other paper" contain specific damage figures in order to trigger the removal time period, it does distinguish the "unequivocally clear and certain" standard from the standard applied by courts in the Fifth Circuit to determine whether the amount in controversy is "facially apparent" from a plaintiff's state court pleading. *Bosky*, 288 F.3d at 212, n.20. Furthermore, both of the cases cited in *Bosky* as examples of instances where the amount in controversy was "unequivocally clear and certain" involved papers stating specific damage figures. *Id.* at 212 n.22 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491–92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)); *see Gilbreath v. Averitt Express, Inc.*, No. 09-1922, 2010 WL 1643786, at *6–7 (W.D. La. Mar. 10, 2010) (Hayes, Mag. J.), *adopted by* No. 09-1922, 2010 WL 1628744 (Apr. 21, 2010) (James, J.). Thus, the Court reads *Bosky* to require specific damage figures, or allegations from which the amount in controversy is equally clear.

Here, Plaintiff's Petition does not contain information from which the amount in controversy is unequivocally clear and certain. The Petition does not contain any specific damage figures, nor does it contain any other information that would make such amount clear.

Although her Petition does not state the amount in controversy, Plaintiff argues that "it was apparent from the face of Plaintiff's Original Petition that the amount in controversy would likely exceed $75,000, exclusive of interests and costs." (Pl.'s Mot. 3.) To support this contention, Plaintiff points to the Petition's allegation that she spent six days in intensive care, and to the fact that she seeks mental anguish damages, treble damages, exemplary damages, and attorneys' fees. Plaintiff then cites two cases in which a court concluded that the amount-in-controversy requirement was satisfied based on similar allegations. (Pl.'s Mot. 4–5 (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 297–98 (5th Cir. 1999); *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. #:07-cv-1608-O, 2008 WL 2115606, at *8–9 (N.D. Tex. May 20, 2008) (O'Connor, J.)). However, in both cases cited by Plaintiff, the question before the court was whether the amount-in-controversy requirement was in fact met, not whether the defendant could *ascertain* it was met such that the thirty-day removal time period would be triggered. Thus, neither case supports Plaintiff's argument here.

Although it may seem incongruous that a set of allegations "can satisfy the jurisdictional amount and permit a defendant to remove, yet not allow a plaintiff to use the same approach to establish that the jurisdictional threshold has been satisfied when such plaintiff desires to remand because the defendant has not timely removed," *Henson v. Power, Rogers & Smith, P.C.*, No. 3:06-cv-566-L, 2007 WL 313313, at *5–6 (N.D. Tex. Jan. 31, 2007) (Lindsay, J.), the Fifth Circuit has squarely held that two different standards apply in those two different situations, and that that two lines of cases do not conflict with one another. *Bosky*, 288 F.3d at 212.

## Conclusion

Because the allegations in Plaintiff's Petition did not make it unequivocally clear and certain that the amount in controversy exceeds $75,000, Cajun's Notice of Removal was not

untimely under the second paragraph of 28 U.S.C. § 1446(b). Plaintiff's Motion to Remand is therefore **DENIED**.

    **SO ORDERED**.

    January 19, 2011.

                                             **BARBARA M. G. LYNN**
                                             **UNITED STATES DISTRICT JUDGE**
                                             **NORTHERN DISTRICT OF TEXAS**